UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DON'E WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:04-CV-51-FRB |
| | ) |
| ROBERT HAMPTON, et al., | ) |
| | ) |
| Defendants. | ) |

## *DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT*

COME NOW defendants, Robert Hampton, Glen Babich and Gale Bailey, in accordance with Rule 56 of the Federal Rules of Civil Procedure, and move for Summary Judgment in their favor and against plaintiff. In support thereof, defendants file with their Motion for Summary Judgment a Memorandum of Law in Support and states as follows:

### *Standard of Review*

Fed.R.Civ.P. 56(c) requires "the entry of summary judgment…against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate…that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "deposition, answers to interrogatories, and

1

admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

If "there is no genuine issue as to any material fact and…the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed.R.Civ.P. 56(c).

### *Argument and Applicable Law*

### *Plaintiff Fails to Present Any Evidence to Support His 42 U.S.C. §1983 Claims that Defendants Were Deliberately Indifferent to his Medical Needs*

Our Supreme Court has clearly stated that a prisoner's Eighth Amendment rights are violated if prison officials exhibit deliberate indifference to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511 U.S. 825 (1994). An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and subjective standard. Id. The plaintiff must demonstrate (1) that they suffered objectively serious medical needs, and (2) that prison officials actually knew of but deliberately disregarded those needs. Id.

The Supreme Court has likened deliberate indifference to a criminal recklessness standard, which traditionally has contained a subjective component. Farmer v. Brennan, 511 U.S. at 839. Under this subjective standard, an official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

must also draw the inference. Id. at 837. Therefore, a prison official's failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge. The Eighth Circuit has defined a "serious medical need" as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir.1995), citing Johnson v. Busby, 953 F.2d 329, 351 (8th Cir.1991).

Medical malpractice, inadvertent failure to provide adequate medical care, or simple negligence does not amount to a constitutional violation. Estelle v. Gamble, 429 U.S. at 106. Medical malpractice does not amount to deliberate indifference merely because the victim is a prisoner. Dulany v. Carnahan, 132 F.3d 1234, 1343, citing Estelle v. Gamble, 429 U.S. 97, 106. Moreover, nothing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. Escoe v. Wankum, 21 F.3d 432 (8th Cir. 1994); White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988). Prisoners do not have a constitutional right to any type of treatment. Id. at 327-328. Prison officials did not violate the Eighth Amendment when, in the exercise of their professional judgment, they refused to implement a prisoner's requested course of treatment. Kayser v. Caspari, 16 F.3d 280, 821 (8th Cir. 1994); Taylor v. Turner, 884 F.2d 1088, 1090 (8th Cir. 1989). A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under §1983. Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1990), cert. Denied, 506 U.S. 836 (1992).

In this present case, plaintiff fails to provide any factual basis that defendants exhibited deliberate indifference to his medical needs. Plaintiff is unable to meet his burden in this case in

that defendants were aware of his medical needs and consciously disregarded a substantial risk of serious harm to him.  Contrary to plaintiff's claim, he is unable to meet the standards set forth by the Supreme Court which constitute a valid claim for an Eighth Amendment violation.

While a prisoner in the Missouri Department of Corrections, plaintiff amassed an extensive medical history for substantial complaints unrelated to plaintiff's claims.  While under the care of Dr. Hampton for these complaints, Dr. Hampton noted a knot at the base of plaintiff's neck.  Importantly, prior to Dr. Hampton's observation of the knot, plaintiff had made no prior complaints related to the knot.  Dr. Hampton evaluated the knot and referred plaintiff to specialist, Dr. Gaddy

Plaintiff was timely evaluated by Dr. Gaddy and CT scans were ordered.  Based on the CT scan results, it was determined that the alleged mass was a benign hemangioma.  However, plaintiff was unsatisfied and unconvinced by the CT scan results and he continued to pursue his complaints under the mistaken and unsubstantiated belief that he was suffering from cancer.

Subsequently, plaintiff was involved in a prison altercation and sustained a fractured jaw in December, 2002.  He was required to undergo surgery by Dr. Graham, who wired his jaw closed during recovery.  Plaintiff expressed no distress, anxiety, concerns or complaints related to the alleged "mass" during his recovery for his fractured jaw.

During plaintiff's lengthy recovery from the jaw fracture, he was transferred from MCC to SECC, where Dr. Babich continued plaintiff's care and treatment.  Plaintiff made no complaints to Dr. Babich related to the alleged "mass" until October, 2003.  Dr. Babich subsequently requested additional CT scans and blood work, which again reported non-pathologic change or no evidence of cancer.  Nevertheless, plaintiff continued to fixate on the mass due to his mother's previous cancer diagnosis.  Both Dr. Hampton and Dr. Babich properly

treated plaintiff for his alleged complaints and reviewed the diagnostic test results with plaintiff on multiple occasions to reassure his concerns.

The ultimate question mandated by Farmer is whether defendants knew of and disregarded an excessive risk to plaintiff's health. Liability only attaches if the conduct meets the standards set forth by the Supreme Court in Farmer. Plaintiff fails to present any evidence that either Dr. Hampton or Dr. Babich knew of and disregarded a serious risk to plaintiff's health. Furthermore, although plaintiff presents no evidence to support a claim for negligence, it is well established that mere negligence is an insufficient basis for liability under plaintiff's claim.

### *Plaintiff Fails to State a Cause of Action Pursuant to 42 U.S.C '1983 Against Defendant Gale Bailey*

Plaintiff's Complaint fails to allege a violation of a constitutionally recognized right against defendant Gale Bailey. Plaintiff's Complaint alleges that Gale Bailey simply responded to his Informal Resolution Request as part of the grievance process.

"If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights." Spencer v. Moore, 638 F.Supp. 315 (E.D. Mo. 1986). In Flick v. Alba, the Court stated "when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).

As such, plaintiff has no constitutional right to a grievance procedure, and his alleged claims against Gale Bailey as a party to his inmate grievances are not recognized under §1983. Furthermore, plaintiff's allegations against Gale Bailey are vague, unclear and fail to allege that she was personally involved in any deliberate indifference to plaintiff's medical needs. The doctrine of respondeat superior is insufficient to allow recovery in a §1983 action. Bolin v.

Black, 875 F.2d 1343, 1347 (8th Cir. 1989), citing Monell v. Department of Social Service, 436 U.S. 658, 694 (1978).

To prevail on a claim of supervisor liability, plaintiff "must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending act." Andrew v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996). Plaintiff must show that the "supervisor had notice that the …supervision [was] inadequate and likely to result in a constitutional violation." Id. A plaintiff must allege the requisite intent on the supervisor's part in order to hold him liable. Plaintiff has failed to establish a claim under the doctrine of respondent superior or demonstrate that Gale Bailey had either the objective knowledge or subjective intent required to hold her liable.

## *Conclusion*

For the reasons set forth above, defendants, Robert Hampton, Glen Babich and Gale Bailey, are entitled to summary judgment in their favor and against plaintiff.

/s/ Peter J. Dunne
Peter J. Dunne   #31482
Federal Registration No. 3025
RABBITT, PITZER & SNODGRASS, P.C.
Attorney for Defendants Hampton, Babich
and Bailey
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

A copy of the foregoing mailed this 15th day of December, 2004 to Mr. Don'e White, Southeast Correctional Center, Suite 6D-115-513257, 300 East Pedro Simmons Drive, Charleston, Missouri 63834.

/s/ Peter J. Dunne

manship