UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DON'E WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:04-CV-51-FRB |
| | ) |
| ROBERT HAMPTON, et al., | ) |
| | ) |
| Defendants. | ) |

## *DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S RESPONSES TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT*

Come Now defendants, Robert Hampton, Glen Babich and Gail Bailey, by and through counsel, for their suggestions in opposition to plaintiff's multiple pleadings responsive to defendants' Motion for Summary Judgment.  Defendants file herewith their suggestions in opposition to 1) "Plaintiff's Facts in Opposition to defendants' Motion for Summary Judgment"; 2) "Plaintiffs' Response in Opposition to Defendant's Suggestions in Opposition to Plaintiff's Motion for Summary Judgment and Plaintiff Response and Memorandum in Opposition to Defendant's Motion for Summary Judgment"; and 3) "Plaintiff's Memorandum of Law in Support of his Motion for Summary Judgment."   In support, defendants state as follows:

### I. *Introduction and Procedural Background*

On November 16, 2004, plaintiff filed with this Court his first Motion for Summary Judgment.[1]   In response to plaintiff's Motion, defendants filed their Opposition to plaintiff's

---

[1] See the Court's Docket, Document No. 33.

1

Motion for Summary Judgment, defendants' Motion for Summary Judgment and Memorandum of Law in Support.[2]  Both plaintiff and defendants' motions remain pending before the Court.

Plaintiff has subsequently filed pleadings entitled 1) "Plaintiff's Facts in Opposition to defendants' Motion for Summary Judgment"; 2) "Plaintiffs' Response in Opposition to Defendant's Suggestions in Opposition to Plaintiff's Motion for Summary Judgment and "Plaintiff Response and Memorandum in Opposition to Defendant's Motion for Summary Judgment"; and 3) "Plaintiff's Memorandum of Law in Support of his Motion for Summary Judgment."  In the interest of judicial economy and efficiency, defendants respond contemporaneously herein to plaintiff's three aforementioned duplicative and indiscernible pleadings.

## II. *Defendants' Suggestions in Opposition to "Plaintiff's Facts in Opposition to defendants' Motion for Summary Judgment"*

1. Admit.

2. Defendants admits that on September 24, 2004 the parties appeared by telephone before the Court for hearing on plaintiff's Motion to Compel.  Defendants deny the remaining allegations contained in paragraph 2.  For further response, defendants refer the Court to its Order entered on September 24, 2004 and state that defendants have complied with the Order and plaintiff's discovery requests.

3. Defendants deny any and all allegations contained in paragraphs 1, 3-9, 12, 14-21, 23-43 and 46-47 of plaintiff's undisputed and disputed material facts related to all defendants, unless specifically admitted to in defendants' Motion for Summary Judgment and Memorandum of Law in Support.[3]

---

[2] See the Court's Docket, Document No. 36, 37 and 38.
[3] See the Court's Docket, Document No. 36, 37 and 38.

2

4. For further response, defendants state that plaintiff's undisputed and disputed material facts related to all defendants fails to comply with Fed.R.Civ.P 56. Summary judgment is appropriate if pleadings, depositions and admissions on file demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Kenley v. J.E. Jones Const. Co., 870 S.W.2d 494, 496 (Mo. App. 1994). A genuine issue of fact is a dispute that is real, "not merely argumentative, imaginary or frivolous." Id.

III. *Defendants' Suggestions in Opposition to "Plaintiffs' Response in Opposition to Defendant's Suggestions in Opposition to Plaintiff's Motion for Summary Judgment and Plaintiff Response and Memorandum in Opposition to Defendant's Motion for Summary Judgment" and "Plaintiff's Memorandum of Law in Support of his Motion for Summary Judgment"*

1. Defendants admit that on October 16, 2002, specialist Dr. Gaddy evaluated plaintiff and opined that plaintiff was experiencing generalized swelling of the right parotid gland with a firm mass, not palpable. Dr. Gaddy diagnosed plaintiff with parotiditis and he ruled out ("R/O") the possibility of a tumor. (See Exhibit A, A151, attached to defendants' Motion for Summary Judgment). Dr. Gaddy's recommendation provides that "**if a discrete mass noted** may wish to obtain CT guided needle." There exists no evidence that plaintiff ever experienced or suffered from a "discrete mass." Also, there exists absolutely no evidence that plaintiff has or ever had a malignancy or cancerous tumor. Defendants deny the remaining allegations contained in paragraph 1.

2. Denied. Plaintiff has been advised on numerous occasions of Dr. Gaddy's findings and the CT scan results that found no abnormalities and were within normal limits. (See Exhibit A, attached to defendants' Motion for Summary Judgment). For further response, counsel for defendants continues to take particular issue with plaintiff's

3

mischaracterization of and blatant misquoting of communications plaintiff allegedly had with counsel for defendants. No such statements were made to plaintiff.

3. Denied. (See defendants' Motion for Summary Judgment).

4. Defendants admit that Dr. Babich requested a second CT scan of plaintiff's neck for reevaluation of the alleged mass. Plaintiff was transported to Vista Imaging for a second CT scan of his neck, which reported non-pathologic lymphadenopathy. The findings of the second CT scan were reviewed with plaintiff and he was informed that the second CT scan was consistent with the results of the first CT scans showing no malignancy or cancerous tumor. (See Exhibit A, A361; Exhibit C, attached to defendant's Motion for Summary Judgment). Defendants deny the remaining allegations contained in paragraph 4.

5. Defendants deny the remaining allegations contained in "Plaintiffs' Response in Opposition to Defendant's Suggestions in Opposition to Plaintiff's Motion for Summary Judgment and Plaintiff Response and Memorandum in Opposition to Defendant's Motion for Summary Judgment."

## *IV.*   *Conclusion*

Plaintiff has taken great liberties with his responsive pleadings and, in large part, has done nothing more than transpose or retype defendants' dispositive motions and simply invert negative statements to positive statements or vice versa. Plaintiff concedes in his responsive pleadings that he was provided medical care and treatment for the complaints related to his alleged "mass," including extensive care and treatment by Dr. Hampton, Dr. Babich and specialist Dr. Gaddy, and diagnostic testing. Plaintiff was administered two CT scans that reported normal findings and no malignancy or cancerous tumor. There exists no medical

findings or evidence to suggest that plaintiff required further care or treatment. Plaintiff was provided timely and appropriate medical care for all of his multiple and varied medical concerns. (See defendants' Motion for Summary Judgment).

Defendants continue to rely on their Motion for Summary Judgment and Memorandum of Law in Support. Defendants' Motion for Summary Judgment demonstrates the material facts about which there is no dispute that defendants provided plaintiff with appropriate medical care and treatment related to the alleged "mass" located in plaintiff's neck, and establishes that plaintiff's claims for damages fail to demonstrate that defendants violated plaintiff's Eighth Amendment right or that defendants acted with deliberate indifference to plaintiff's serious medical needs, such that defendants would be liable to plaintiff.

/s/Peter J. Dunne
Peter J. Dunne   #31482
Federal Registration No. 3025
RABBITT, PITZER & SNODGRASS, P.C.
Attorney for Defendants Hampton, Babich
and Bailey
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

A copy of the foregoing mailed this 27th day of January, 2005 to Mr. Don'e White, Southeast Correctional Center, Suite 6D-115-513257, 300 East Pedro Simmons Drive, Charleston, Missouri 63834.

/s/ Peter J. Dunne

manship
01-27-05